IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | ) CRIMINAL CASE NO. CM874-13 |
| | ) |
| | ) DECISION AND ORDER |
| vs. | ) Defendant's Motion for Civil Compromise |
| | ) |
| GEORGE CHAMBERS, JR., | ) |
| | ) |
| REBECCA MARIE DOANE, | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on April 21, 2014 on George Chambers, Jr.'s Motion for Civil Compromise. Defendant Chambers was represented by Assistant Public Defender William B. Jones. Co-Defendant Rebecca Marie Doane was represented by Alternate Public Defender Ana Maria C. Gayle. The People of Guam ("the People") were represented by Assistant Attorney General Christine S. Tenorio. The parties submitted on their respective briefs and the Court took the matter under advisement. Upon review of the evidence, written arguments and legal authorities presented by the parties, the Court issues this Decision and Order **GRANTING** Defendant's motion.

## BACKGROUND

Defendants are both charged with Assault by Mutual Combat (as a Petty Misdemeanor). *See Magistrate's Complaint* (Oct. 9, 2013). Defendants are boyfriend and girlfriend. The alleged Complaint states that Defendant Doane threw a shoe rack at Defendant Chambers, striking his foot and possibly breaking it. Defendant Chambers also alleges that Defendant Doane threw a knife at him, which he was able to move out of the way of. Likewise, Defendant

ORIGINAL

Doane alleges that Defendant Chambers backhanded her and manhandled her by pushing her around the house. *See id.*

Defendants were arraigned on October 30, 2013. They both pled not guilty. *Super. Ct. of Guam Minute Entry Log No. 102646* (Oct. 30, 2013). On April 1, 2014, Defendant Chambers filed the instant motion. Attached to the motion was a Victim's Waiver signed by Defendant Doane. The Court heard the matter on April 21, 2014.

## DISCUSSION

Defendant moves the Court to dismiss the Magistrate's Complaint pursuant to 8 GCA § 80.90(b). Defendant Chambers argues that "the alleged victim has filed a Declaration stating that she has received satisfaction for the injury." *Def.'s Mot. for Civil Compromise* at 2 (Apr. 1, 2014). Defendant also argues that "Guam law provides that where the victim would have a remedy by civil action, the Court has the discretion to dismiss an action that is a misdemeanor where a declaration has been filed by the victim stating satisfaction." *Id.*

The People oppose Defendant's motion. The People argue that "there can be no civil compromise without the receiving of monetary satisfaction. The co-actor has not acknowledged receipt of any form of satisfaction and Title 8 GCA § 80.90 does not allow for dismissal under these circumstances." *People's Opp'n Mot.* at 3 (Apr. 8, 2014). The People further argue that "there still is no indication of what the terms of the satisfaction that was received" is notwithstanding the Declaration stating that "an amicable settlement" was reached. *Id.*

Misdemeanors may be compromised in accordance with Guam law. Guam's Criminal Procedure provides when misdemeanors may be compromised as follows:

> (a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by the Section.

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution of the same offense.

8 GCA § 80.90

Section 80.90 is based on California Penal Code §§ 1377 and 1378. California case law is persuasive when there is no compelling reason to deviate from California's interpretation. *Zurich Ins. (Guam), Inc. v. Santos*, 2007 Guam 23 ¶ 7. As such, the legislative purpose behind allowing civil compromise of criminal misdemeanors is not to guarantee a victim maximum compensation for the injury, but to remove from criminal prosecution those offenses for which there is a civil remedy available. *People v. Stephen*, 182 Cal. App.3rd 14, 27 (1986). The rationale for this legislative purpose, as indicated in *Stephen*, is that the public interest in those cases is best served by requiring the accused to make restitution directly and immediately to the individual victim instead of subjecting the accused to criminal sanctions for the welfare of society in general. *Id.*

In *People v. Moulton*, 131 Cal.App.3d Supp. 10 (1982), the Court held that various factors may be taken into consideration by a trial judge in determining whether to dismiss a misdemeanor criminal prosecution under a civil compromise statute. These factors include (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement agreement was made voluntarily. *Id.* at 21-23.

In the instant case, the Defendants are both charged with Assault by Mutual Combat (as a Petty Misdemeanor) pursuant to 9 GCA §§ 19.30(a)(1) and (d). A person is guilty of assault if

he: either recklessly causes or attempts to cause bodily injury to another. An assault committed in a fight or scuffle entered into by mutual consent is a petty misdemeanor. See 9 GCA § 19.30(a)(1) and (d).

The Court finds that there is a civil remedy available under Guam law. Since a civil remedy was readily available at the inception of this criminal case, it may be deduced that the civil injury was coextensive with the criminal violation.

In regards to whether the circumstances are such that through private settlement the injury to the public would be fully vindicated, the *Moulton* court held that the seriousness of the injury, as well as the circumstances of the commission of the offense, are taken into consideration in "determining whether a civil satisfaction adequately vindicates the public's interest in enforcing its criminal laws." *Id.* at 23. In the instant case, the charge by the People is one entered into by mutual consent between the Defendants. The Court is in no position to change the People's desire of how to charge out offenses. The Court is satisfied with the Declaration submitted by the Victim and finds that the private settlement fully vindicates any injury to the public.

Lastly, in regards to whether the victim's settlement agreement was made voluntarily, this Court recognizes that the Victim submitted a Declaration. The Declaration states that the victim understands she has a remedy through civil action. The Court is not in a position to second guess the Declaration, considering it was submitted under penalty of perjury. Therefore, the Court accepts that the Victim has voluntarily made his Declaration.

The Court finds that Defendants' motion provides both the legal and factual basis to approve dismissal pursuant to 8 GCA § 80.90 for the following reasons: (1) The acts constituting the offense have a remedy by civil action; (2) the injury suffered by the victim was

not serious in nature and private settlement would fully vindicate any injury to the public; and (3) the victim has submitted a declaration under penalty of perjury that she has received satisfaction for the injury and would like for the Attorney General's Office to dismiss this case by way of civil compromise. There is no information provided to the Court of any costs incurred as a result of this incident. Therefore, the Court **GRANTS** Defendants' motion recognizing that the civil compromise statute as applied in the instant case serves the interests of justice, judicial economy and fairness to the parties.

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendants' Motion for Civil Compromise. The case is hereby dismissed as to both Defendants.

**SO ORDERED** this ___6___ day of MAY, 2014.

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AG/MPD/PDSC

MAY - 6 2014 Date: Time: 1:50pm

Deputy Clerk, Superior Court of Guam

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam